In the
United States Court of Appeals
for the Sixth Circuit

United States of America,

        Plaintiff-Appellant,

                                  6th Cir. No. 26-1294

    v.

Kyle Wagner,

        Defendant-Appellee.

---

## Motion for the Court to Take Judicial Notice

---

Pursuant to Fed. R. Evid. 201, the United States respectfully moves this Court to take judicial notice of new criminal charges filed against Wagner in the District of Minnesota. *See United States v. Sant, et al.*, Case No. 0:26-cr-115, R:1: Indictment (D. Minn. June 11, 2016). In that case, Wagner and 14 others are charged with conspiracy to impede or injure a federal officer, in violation of 18 U.S.C. § 372. *Id.* Wagner is also charged with solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373, and interstate threats, in violation of 18 U.S.C. § 115(a)(1)(B). *Id.*

Federal Rule of Evidence 201 allows courts to take judicial notice "at any stage of the proceeding," Fed. R. Evid. 201(d), including "on appeal." *Id.* at cmt. n. (f). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Courts may take judicial notice of a "fact that is not subject to reasonable dispute because it [ ] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes court documents. *See, e.g.*, *United States v. Butts*, 40 F.4th 766, 771 n.5 (6th Cir. 2022) (on appeal, taking judicial notice of state-court documents that described the elements of the defendant's underlying conviction that were not subject to reasonable dispute) (internal citation omitted); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("[A] federal court may take judicial notice of the proceedings in other courts of record."). In *United States v. Lewis*, this Court took judicial notice of a new criminal indictment charging additional, drug-related offenses filed while a defendant's appeal of a district court's denial of his motion for bail pending trial was pending. 883 F.22 76 (6th Cir. 1989) (Table).

Like in *Lewis*, Wagner's recent indictment is a public court record and the fact that Wagner is facing additional charges because of the indictment is not subject to reasonable dispute. This Court should take judicial notice of the newly filed indictment.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

/s/ Danielle Asher
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9518
danielle.asher@usdoj.gov

Date: June 19, 2026

## Certificate of Compliance

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 350 words. This motion complies with the typeface requirements of Rule 3(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

/s/ Danielle Asher
Assistant United States Attorney

## Certificate of Service

I hereby certify that on June 19, 2026, I electronically filed this motion with the Clerk of the United States Court of Appeals for the Sixth Circuit using the ECF system which will send notification of this filing to the following attorney for the defendant:

Jean Pierre Nogues
jean_nogues@fd.org

/s/ Danielle Asher
Assistant United States Attorney