**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

                Plaintiff-Appellant,                          Case No.: 26-1294

v.

KYLE WAGNER,

                Defendant-Appellee.

_____/

## <u>MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE</u>

Pursuant to Fed. R. Evid. 201, Defendant-Appellee Kyle Wagner respectfully moves this Court to take judicial notice of the transcript of the recent arraignment of Mr. Wagner's co-defendants in the District of Minnesota. *See United States v. Sant, et al.,* Case No. 0:26-cr-115, R:184: Transcript of Arraignment Hearing and Status Conference held on 7/1/2026 before Magistrate Judge David T. Schultz (D. Minn. July 16, 2026). In that case, Wagner and 14 others are charged with conspiracy to impede or injure a federal officer, in violation of 18 U.S.C. § 372. Wagner is also charged with solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373, and interstate threats, in violation of 18 U.S.C. § 115(a)(1)(B).

Federal Rule of Evidence 201 allows courts to take judicial notice "at any stage of the proceeding," Fed. R. Evid. 201(d), including "on appeal." Id. at cmt. n. (f). Courts "must take judicial notice if a party requests it and the court is supplied with the

necessary information." Fed. R. Evid. 201(c)(2). Courts may take judicial notice of a "fact that is not subject to reasonable dispute because it [ ] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes court documents. *See, e.g.*, *United States v. Butts*, 40 F.4th 766, 771 n.5 (6th Cir. 2022) (on appeal, taking judicial notice of state-court documents that described the elements of the defendant's underlying conviction that were not subject to reasonable dispute) (internal citation omitted); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("[A] federal court may take judicial notice of the proceedings in other courts of record.").

The arraignment of Mr. Wagner's co-defendants in the District of Minnesota case is a public court record and the fact that Wagner is facing eventual arraignment himself is not subject to reasonable dispute. This Court should take judicial notice of the transcript of that hearing, specifically the section where the presiding magistrate and the federal prosecutor spoke about Mr. Wagner:

```
THE COURT:       Okay. Right. Understood. Okay. Thank
                 you.

                 Ms. Honeycutt, first question for you.
                 Update me on the status, even though
                 I've been updated a couple of days ago,
                 where are we with Mr. Wagner's case?

MS. HONEYCUTT:   Your Honor, we have presented a writ to
                 the U.S. Marshals here. We're working
                 in conjunction with the U.S. Marshals
                 in Michigan as well. He has a trial
                 date set for the end of July. And I'm
                 also told by the marshals that it takes
                 about six weeks to effect the writ when
```

THE COURT: it's across states. So we would expect him to come in for an initial around, some time around August, early August to mid August.

THE COURT:    Okay. Very well.

Let me just state on the record, because you may not be aware of it -- well, we will hold his initial obviously when he gets here. **I am the magistrate judge who was on duty when the Michigan charges were presented. I detained him at that time for one reason and one reason only. Based on what was presented to me, I had some concern that Mr. Wagner may not have the ability, candidly, to get to Michigan to make the court appearance.**

**That was the sole basis on which I detained him here on those charges. Obviously, that issue would not apply in this case. I just want you to be aware of that.**

*See Sant, et al.,* R:184: Tr., 22-23 (emphasis added).

As this Court is aware, Mr. Wagner in fact did—via the third-party custodian ordered by the district court in this case—have the ability to get back to Michigan from Minnesota, as evidenced by his self-surrender at the Detroit federal courthouse following this Court's Order granting of Plaintiff-Appellant's Emergency Motion to Stay the District Court's Release Order.  (*See* Doc. 10 (Order); *see also, e.g.,* Doc. 12 (Resp. Br.), 15-16.)

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

3

**EASTERN DISTRICT OF MICHIGAN**
Attorneys for Defendant-Appellee
By:

s/Jean Pierre Nogues
Jean Pierre Nogues
Assistant Federal Defender

Dated:  July 17, 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 656 words. This motion complies with the typeface requirements of Rule 3(a)(5) and the typestyle requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**
**EASTERN DISTRICT OF MICHIGAN**
Attorneys for Defendant-Appellee
By:

s/Jean Pierre Nogues
Jean Pierre Nogues
Assistant Federal Defender

Dated:  July 17, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, I electronically filed the foregoing paper with the Clerk of the United States Court of Appeals for the Sixth Circuit using the ECF system which will send notification of such filing to opposing counsel.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER
EASTERN DISTRICT OF MICHIGAN**
Attorneys for Defendant-Appellee
By:

s/Jean Pierre Nogues
Jean Pierre Nogues
Assistant Federal Defender

Dated: July 17, 2026